UNITED STATES DISTRICT COURT
EASTERN DISTRICT NEW YORK

IN RE COMPUTER CONCEPTS
SECURITIES LITIGATION
THIS DOCUMENT RELATES TO
ALL ACTION

Civil Action No.: 95-CIV-2830 (DRH)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DONATE RESIDUAL BALANCE OF THE SETTLEMENT FUND TO CHARITY

### I.   INTRODUCTION

Pursuant to the Court's Order dated October 20, 2004, Plaintiff respectfully submits this Memorandum in support of plaintiffs' motion for an Order authorizing them to donate the balance of funds remaining in the In re Computer Concepts Securities Litigation class action settlement fund to a non-profit organization approved by the Court and/or if and to the extent the Court agrees, New York Law School.[1]   There is a balance of approximately $25,047.62 remaining in the settlement fund which has not been claimed.  For the reasons set forth below, plaintiffs' motion should be granted.

### II.   BACKGROUND

This action was certified to proceed as a class action by an Order of this Court dated May 7, 1997.  The class was defined as: all person or entities who purchases or otherwise acquired the common stock of Computer Concepts Corp. ("Computer Concepts" or the "Company") during the period from June 1, 1995 through the close of business on July 19, 1995, inclusive.  This action was settled on a class basis by Stipulation of Settlement dated July 23, 1997.  The Settlement was approved pursuant to an Order and Final Judgment dated February 26, 1998.

Garden City, LLC, ("Garden City") a certified public accounting firm, was retained by plaintiffs' counsel to receive and process claims filed by class members.  In an Order dated May

---

[1]   Attached hereto as Exhibit A is the list of proposed recipients.

21, 1999 (Attached hereto as Exhibit B), it was ordered that the administrative determinations of Garden City accepting and rejecting the claims be approved.  It was also ordered that the balance of the Settlement Fund, less various payments to counsel and Garden City, be distributed to qualified claimants who were listed on a computer printout submitted to the Court.

III.   **SOURCES OF THE BALANCE REMAINING IN THE SETTLEMENT FUND**

In class actions, it is virtually inevitable that a certain number of class members will not cash their settlement checks.  In this action, there were 3,484 eligible claimants.  A certain number of checks were returned as undeliverable and many checks were simply not deposited. Garden City and plaintiffs' counsel performed a number of follow-up steps to encourage class members to cash their checks or to locate current addresses for those who have moved.  At some point, however, further efforts are both futile and cost ineffective.  There is nothing further that can be done, on an economical basis, to either locate the claimants or encourage them to cash their checks.  Furthermore, with 3,484 eligible claimants, the postage and administrative costs of distributing $25,047.62 to all qualified claimants would be prohibitive and the amount per recipient would be neglible.

IV.   **DONATION OF THE BALANCE OF THE SETTLEMENT FUND**

It has been noted that "[m]ost class actions result in some unclaimed funds."  Six (6) Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1307 (9th Cir. 1990); Powell, et al. v. Georgia-Pacific Corp., 843 F. Supp. 491, 499 (W.D. Ark. 1994) ("[i]t is not uncommon in a class action settlement to have undisbursed funds........."); Newberg on Class Actions, Vol. 2, §10.13, p. 10-35 (3d ed. 1992) ("[i]n the majority of cases, not all affected class members can be identified or located").  In such circumstances, "[f]ederal courts have broad discretionary powers in shaping equitable decrees for distributing unclaimed class action funds."  Six (6) Mexican Workers, 904 F.2d at 1307 (finding that district court properly considered cy pres distribution for

the limited purpose of distributing the unclaimed funds); <u>Powell, et al.</u>, 843 F.Supp. at 499

("...the courts are called on to equitably determine the best means of distributing those funds.").

One method courts have utilized to distribute unclaimed funds is through the equitable

doctrine of "cy pres." <u>See</u> <u>State v. Levi Strauss & Co.</u>, 41 Cal.3d 460, 224 Cal.Rptr. 605, 715

P.2d 564 (1986); <u>Democratic Cent. Committee v. Washington Metro. Area Tran.</u> 84 F.3d 451,

455 (D.C. Cir. 1996); Newberg on Class Actions at §10.17, p. 10-41 (3d. ed. 1992)[2].  In the class

action context, the cy pres approach seeks to apply unclaimed class action settlement or damage

monies to the next best class or the next best use. <u>See</u> <u>Democratic Cent. Committee</u>, 84 F.3d at

455.  The object of applying the funds to the "next best" class is to parallel the intended use of

the funds as nearly as possible by maximizing the number of plaintiffs (including absent

plaintiffs) compensated.  <u>Id</u>.  Indeed, the Court has a fiduciary duty to these absent class

members.  <u>See</u> <u>Six (6) Mexican Workers</u>, 904 F.2d at 1307 ("[t]he district court's choice among

distribution options should be guided by the objectives of the underlying statute and the interests

of the silent class members"); <u>Newberg on Class Actions</u>, at §10.17, p. 10-41.

Under the cy pres doctrine, the methodology for distributing unclaimed funds varies:

> Generally, courts either have created a foundation designed to
> research or monitor the substantive law on which the litigation is
> based, or have directed that surplus funds be donated to existing
> foundations, or to charitable or educational institutions which can
> use the funds in a manner that will provide indirect benefits to the
> class members consistent with the purpose of the litigation.

<u>Brewer, et al. v. Southern Union Company, et al.</u>, No. 83 F 1173, 1987 U.S. Dist. LEXIS 15940

at *15 (D. Colo. Aug. 13, 1987) (citing several cases).  Although redistribution is often made "as

nearly as possible" to the intended use, some courts have "concluded the doctrine is no longer

---

[2]      The term "cy press" is derived from the Norman French expression *cy pres comme possible*, which means
"as near as possible."  The cy pres doctrine is a rule of construction used to preserve testamentary charitable gifts
that otherwise would fail.  When it becomes impossible to carry out the charitable gift as the testator intended, the
doctrine allows the "next best" use of the funds to satisfy the testator's intent "as near as possible." <u>Democratic
Cent. Committee</u>, 84 F.3d at 455, fn. 1.

regarded as being limited and restricted to the closest comparable alternative to the original purpose..." Powell, et al., 843 F. Supp. at 497 (citing Superior Beverage Co. v. Owens-Illinois, 827 F.Supp. 477, 479 (N.D.Ill. 1993)).  In Superior Beverage the court went through a through analysis of how the cy pres doctrine has been applied in amore flexible way in recent years than in past cases.  Id. at 478-79.  It noted:

> ... the doctrine of cy press and courts' broad equitable now permit
> use of funds for other public interest purposes by educational,
> charitable, and other public service organizations, both for current
> programs or, where appropriate, to constitute an endowment and
> source of future income for long-range programs to be used in
> conjunction with other funds raised contemporaneously.

Id. at 479.

Plaintiff's proposal for donation of the balance of the settlement fund is consistent with the practice in other class action cases.  See, e.g., In re: USX Corporation, Steel Stock Securities Litigation No. 93-1246 (W.D.Pa. April 29, 2001) (distributing unclaimed settlement funds in equal amounts to the Duquesne University Law School and New York Law School) (Exhibit C hereto); Rywell v. Healthwest et al., No. 3:89-2394-H (N.D. Texas, March 17, 2004) (Exhibit D hereto) (distributing unclaimed settlement funds in equal amounts to Sarah T. Hughes Scholarship Fund and New York Law School); In re ZZZZ Best Securities Litigation, No. 87-3574 (C.D. Ca Jan. 9, 2003) (Exhibit E hereto) (distributing unclaimed settlement funds to Legal Aid Foundation of Los Angeles); In re Prime Motor Inns Shareholder Litigation, No. 90-87 (May 13, 2002) (distributing unclaimed settlement funds to Institute for Law and Economics Policy and Jewish Association for Services for the Aged) (Exhibit F hereto); and In re Consolidated Delivery and Logistics, Inc. Sec. Litig., No. 97-cv-1939 (Nov. 10, 2004 (distributing unclaimed settlement funds to New York Law School) (Exhibit G hereto).

Plaintiffs' counsel submit that the balance should be donated to a non-profit organization approved by the Court and/or if and to the extent the Court agrees, New York Law School.

V.     **CONCLUSION**

For all of the foregoing reasons, Plaintiff's counsel respectfully request the Court to enter an order authorizing donation of the remaining balance of the In re Computer Concepts Securities Litigation settlement fund to a non-profit organization approved by the Court and/or if and to the extent the Court agrees, New York Law School.

Dated: New York, New York
         March 2, 2005

ABBEY GARDY, LLP


By:    /s/ Arthur N. Abbey
         Arthur N. Abbey (AA 8074)
         Nancy Kaboolian (NK 6346)
212 East 39th Street
New York, New York 10016
Telephone: (212) 889-3700

Exhibit

A

## **LIST OF PROPOSED RECIPENTS**

A non-profit organization chosen by the Court

New York Law School

Exhibit

B

JUN. 9. 2004 12:10PM   THE GARDENCITY GRP M :     212 4864546-     NO. 2013794 2P.   2# 4

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
IN RE COMPUTER CONCEPTS            :    Civil Action No.
SECURITIES LITIGATION              :    95 Civ.2830 (DRH)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -:
THIS DOCUMENT RELATES TO:          :
ALL ACTIONS                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## ORDER RE:  DISTRIBUTION OF CLASS SETTLEMENT FUND

WHEREAS, this Court has entered an Order and Final Judgment approving the terms of the Stipulation of Settlement dated June 30, 1997 in the above-referenced action; and

WHEREAS, this Court has directed the parties to consummate the terms of the Stipulation of Settlement; and

WHEREAS, this Court has retained jurisdiction of this action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the members of the Class.

NOW, THEREFORE, upon reading and filing the Affidavit of Rachell Sirota, of Sirota & Sirota LLP, Plaintiffs' Co-Lead Counsel sworn to on the 15th day of April, 1999 and the Affidavit of G. Peter Buchband, of the Garden City Group, the Claims Administrator, sworn to on the 14th day of April, 1999 and upon all prior proceedings heretoafter had herein and after due deliberation, it is hereby

ORDERED, that the administrative determinations of the Claims Administrator accepting the claims as indicated on the

computer printout of accepted claims submitted with and described in the Affidavit of G. Peter Buchband, be and the same hereby are approved and said claims are accepted; and it is further

ORDERED, that the administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the Affidavit of G. Peter Buchband are hereby approved, and said claims are hereby rejected; and it is further

ORDERED, that the Co-Lead Counsel be authorized to pay out of the Settlement Fund $15,341.00 to The Garden City Group for its services as a Claims Administrator; and it is further

ORDERED that the Settlement Fund shall be distributed to the Class members whose Proofs of Claim have been accepted in the amount and method described in the Affidavit of G. Peter Buchband; and it is further

ORDERED, that no claim filed after March 2, 1999, be accepted for any reason whatsoever and claims which were rejected for inadequate documentation and were not cured by March 2, 1999 be finally rejected.

Dated:   Hauppauge
~~New York~~ New York
May 21, 1999

United States District Judge
Denis R. Hurley, Sr.

mc\compdist.ord

2

Exhibit

C

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE: USX CORPORATION, STEEL )
STOCK SECURITIES LITIGATION  )
———————————————————————————— ) Civil Action No. 93-1246
                             ) MDL DOCKET No.
THIS DOCUMENT RELATES TO:    )
ALL ACTIONS                  )
———————————————————————————— )

### ORDER AUTHORIZING FINAL DISTRIBUTION
### OF RESIDUAL BALANCE SETTLEMENT FUND

WHEREAS, Class counsel and the Claims Administrator's request for an Order, (1) authorizing the final distribution of the residual balance of the Settlement Fund identified in the Declaration of Bruce Cozzi at Gilardi & Co., LLC; (2) for the reimbursement of unpaid expenses incurred by the Claims Administrator; and (3) permitting the Claims Administrator to dispose of all claim forms submitted in connection with this litigation,

WHEREAS, the Court has determined that good cause exists to grant the request in its entirety, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1.   The remaining balance of the Settlement Fund (plus interest) shall be distributed in equal amounts to Duquesne University Law School and New York Law School;

2.   Gilardi & Co., LLC is reimbursed $18,388.00 for its unpaid expenses incurred in the administration of the Settlement Fund; and,

AO 72
(Rev. 8/82)

3.   The Claims Administrator may dispose of all claims forms submitted in connection with this litigation.


Submitted by:

Abbey Gardy, LLP
212 East 39th Street
New York, New York 10016
(212) 889-3700

Counsel for Plaintiffs and the Class


Dated: *April 29, 2004*

SO ORDERED:

*Gustave Diamond*
Gustave Diamond
United States District Judge

CERTIFIED FROM THE RECORD
Date **APR 2 9 2004**
ROBERT V. BARTH, JR., CLERK
By *Susan Shaffu*
Deputy Clerk

2

Exhibit

D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 1 7 2004

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

SANDY RYWELL, et al.          *
                              *
        Plaintiffs            *
                              *
v.                            *    Civil Action No. 3:89-CV-2394-H
                              *    consolidated with
HEALTHVEST, et al.            *    CA-3:89-CV-2986-C
                              *    CA-3:91-CV-0326-H
        Defendants            *    CA-3:91-CV-0708-H
                              *    CA-3:91-CV-0766-C
                              *    CA-3:89-CV-2715-C
                              *    CA-3:91-CV-0390-C
                              *    CA-3:91-CV-0054-C
                              *    CA-3:91-CV-0055-C


## ORDER AUTHORIZING FINAL DISTRIBUTION OF
## RESIDUAL BALANCE SETTLEMENT FUND


Before the Court is Class Counsel and the Claims Administrator's request for an

Order, (1) authorizing the final distribution of the residual balance of the Settlement Fund

identified in the Declaration of Bruce Cozzi, Controller of Gilardi & Co. LLC; (2) for the

reimbursement of unpaid expenses incurred by the Claims Administrator, and (3) permitting the

Claims Administrator to dispose of all claims forms submitted in connection with this litigation.

See pleadings and correspondence filed March 16, 2004.   The Court rules as follows with respect

to this request.

1.    The remaining balance of the Settlement Fund, $17,134.86, (plus accrued interest)

      shall be distributed in equal amounts of $8,567.43 plus accrued interest to the

      Sarah T. Hughes Scholarship Fund and New York Law School.

2.     Gilardi & Co. LLC is reimbursed $35,455 for its unpaid expenses incurred in the administration of the Settlement Fund; and

3.     The Claims Administrator may dispose of all claims forms submitted in connection with this litigation.


SO ORDERED.

DATED:   March _____ / 7 _____, 2004


_____
BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Exhibit

E

RECEIVED
BUT NOT FILED

JAN 2 2003

U.S. DISTRICT COURT
DISTRICT OF CALIFORNIA
ESTERN DIVISION
BY              DEPUTY

RECEIVED AND RETURNED
CLERK U S DISTRICT COURT

JAN 6 2003

CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

JAN 17 2003
1-17-03

CENTRAL DISTRICT OF CALIFORNIA
          DEPUTY

LODGED
CLERK, U.S. DISTRICT COURT

JAN - 9 2003

CENTRAL DISTRICT OF CALIFORNI
BY           DEPUT

ENTERED
CLERK, U.S. DISTRICT COURT

JAN 21 2003

CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| IN RE ZZZZ BEST SECURITIES LITIGATION | No. CV 87-3574 RSWL(Bx)<br><br>CLASS ACTION<br><br>DATE:    None Set<br>TIME:    None Set<br>PLACE:   Courtroom of the<br>          Honorable Ronald<br>          S.W. Lew (Courtroom 21) |

**[PROPOSED] ORDER AUTHORIZING THIRD AND**

**FINAL GENERAL DISTRIBUTION OF SETTLEMENT FUNDS**

**AND THE PAYMENT OF CERTAIN FEES, COSTS**

**AND EXPENSES**

Priority    ✓
Send        ✓
Enter       ✓
Closed      ✓
JS-5/JS-6 ——
JS-2/JS-3 ——
Scan Only ——

JAN 21

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

(1007)

403872v1/004974

1    WHEREAS, on November 22, 1995, the Court entered its Final Judgments
2  and Orders of Dismissal approving the terms of certain Stipulations of Settlement
3  between Class Representative Plaintiffs and Defendants Ernst & Young LLP,
4  Successor-in-Interest to Ernst & Whinney; Ladenberg, Thalmann & Co., Inc., and
5  Robert Grossmann; Hal Berman; Steven A. Greenberg and Anametrics Advisors,
6  Inc.; Greenspan & Co. and S. George Greenspan; Randolph K. Pace; Neal Dem;
7  and the Non-Managing Underwriters, namely, defendants Rauscher, Pierce,
8  Refsnes, Inc., Underwood, Neuhaus & Company, now known as UN Financial
9  Corp.; Baer & Co., Inc.; Cantor Fitzgerald & Company, Inc.; Evans & Co., Inc.;
10 Steinberg & Lyman; and Whale Securities Corporation;
11    WHEREAS, on January 12, 1996, the Court entered its Final Judgment and
12 Order of Dismissal with Prejudice as to Defendant Josephthal Lyon & Ross
13 Incorporated, formerly known as Rosenkrantz Lyon & Ross Incorporated
14 ("Josephthal"), whereby the Court, *inter alia*, approved Josephthal's agreement to
15 be bound by the terms and conditions of the Stipulation of Settlement between the
16 Class Representative Plaintiffs and the Non-Managing Underwriters; and
17    WHEREAS, on May 28, 1997, the Court entered its order approving the
18 Stipulation Re Compromise and Settlement of Claims Against Minet, Inc.,
19 Assigned to Class Plaintiffs Pursuant to Class Plaintiffs' Settlement With
20 Defendant Hughes, Hubbard & Reed; whereby Minet, Inc. agreed to pay $300,000
21 to settle any and all of the claims against Minet, Inc. assigned to the Class
22 Plaintiffs by defendant Hughes, Hubbard & Reed;
23    WHEREAS, this Court has retained jurisdiction over the settling parties and
24 the Settlement Funds established pursuant to the aforesaid settlements for the
25 purpose of considering any further applications or matters which may arise in
26 connection with the administration and execution of the Stipulations of Settlement
27 and the processing of Proofs of Claim and the distribution of the Settlement Funds
28

401872v1/004974

2

1  to Authorized Claimants;

2  NOW, THEREFORE, based on Class Plaintiffs' *Ex Parte* Application for an

3  Order Authorizing Third and Final General Distribution of Settlement Funds, the

4  Declarations of Marc M. Seltzer, Carole K. Sylvester and Bruce G. Iwasaki in

5  support thereof, all prior proceedings herein, and after due deliberation, and good

6  cause appearing therefor,

7  IT IS HEREBY ORDERED that the administrative determinations of

8  Gilardi & Co. LLC respecting the allowed loss for each late claimant as set forth in

9  Exhibit "A" to this Order are hereby approved;

10  IT IS HEREBY FURTHER ORDERED that the Settlement Funds shall be

11  distributed on a *pro rata* basis to the Authorized Claimants previously approved

12  for payment by the Court pursuant to its Orders of October 27, 1995, and

13  March 19, 1996, and to those claimants identified in Exhibit "A" to this Order;

14  IT IS HEREBY FURTHER ORDERED that Corinblit & Seltzer, a

15  Professional Corporation, be paid the sum of $11,349.54 from the Settlement

16  Funds for costs and expenses incurred in connection with this litigation;

17  IT IS HEREBY FURTHER ORDERED that Susman Godfrey L.L.P. be

18  paid the sum of $181,976.08 from the Settlement Funds for fees, costs and

19  expenses incurred in connection with this litigation.

20  IT IS HEREBY FURTHER ORDERED that Plaintiffs' Lead Counsel and

21  Gilardi & Co. LLC may reserve from the distribution sufficient funds to pay

22  additional administrative fees and expenses, including taxes applicable to the

23  interest earned by the Settlement Funds;

24  IT IS HEREBY FURTHER ORDERED that no claims submitted after the

25  date of this Order may be accepted for any reason whatsoever;

26  IT IS HEREBY FURTHER ORDERED that if, after the expiration of six

27  months from the date that Gilardi & Co. LLC makes this third and final general

28

3

403872v1/004974

1   distribution of the settlement funds to Authorized Claimants, including those

2   claimants identified in Exhibit "A" to this Order, and after paying 5% of the

3   residuum to the Plushcell Plaintiffs, any monies remaining in the Settlement Funds

4   by reason of returned or uncashed checks or otherwise, without further order of the

5   Court, shall be paid to the Legal Aid Foundation of Los Angeles;

6       IT IS HEREBY FURTHER ORDERED that if, after the expiration of six

7   months from the date that Gilardi & Co. LLC makes payment of 5% of the

8   residuum to the Plushcell Plaintiffs, such payment remains outstanding by reason

9   of returned or uncashed checks or otherwise, without further order of the Court,

10  shall be paid to the Legal Aid Foundation of Los Angeles; and

11      IT IS HEREBY FURTHER ORDERED that all persons involved in the

12  review, verification, calculation, tabulation, or any other aspect of the processing

13  of the claims filed herein are released and discharged from any and all claims

14  arising out of such involvement (the "released persons"), and all Class members,

15  whether or not they are to receive payment from the Settlement Funds, are barred

16  from making any further claim against the Settlement Funds or the released

17  persons beyond the amounts allocated to them pursuant to this Order.

18

19      Dated: ____Jan 17____, 2003.

20

21                                      RONALD S.W. LEW

22                          _____
                            RONALD S. W. LEW
                            UNITED STATES DISTRICT JUDGE

23  ///
24  ///
    ///
25

26

27

28

Submitted By:

MARC M. SELTZER
AMY T. BRANTLY
SUSMAN GODFREY L.L.P.
1880 Century Park East, Suite 950
Los Angeles, California 90067-1606
Telephone: (310) 789-3100


By _____
       Marc M. Seltzer
       Lead Counsel for Plaintiffs

403872r1/004974

5

Exhibit

F

MARCUS, DUBROW & SIMON
A Professional Corporation
111 Dunnell Road
Maplewood, NJ 07040-2689
Telephone: 973/762-3393

**FILED**

MILBERG WEISS BERSHAD
HYNES & LERACH LLP
One Pennsylvania Plaza
New York, NY 10119-0165
Telephone: 212/594-5300

**ENTERED**
ON
THE DOCKET

Liaison Counsel for Plaintiffs

MAY 1 3 2002

Lead Counsel for Plaintiffs

MAY 1 3 2002

ABBEY GARDY, LLP
212 East 39th Street
New York, NY 10016
Telephone: 212/889-3700

AT 8:30
WILLIAM T. WALSH
CLERK

WOLF POPPER LLP
845 Third Avenue
New York, NY 10022-6601
Telephone: 212/759-4600

WILLIAM T. WALSH, CLERK
By
(Deputy Clerk)

Lead Counsel for Plaintiffs

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE PRIME MOTOR INNS
SHAREHOLDERS LITIGATION

MASTER FILE NO.
90-87 (DRD)

THIS DOCUMENT RELATES TO:
ALL ACTIONS

## ORDER AUTHORIZING RE-DISTRIBUTION OF THE UNCLAIMED BALANCE OF A CLASS ACTION SETTLEMENT FUND AND SUBSEQUENT DONATION OF THE REMAINING BALANCE, IF ANY, TO CHARITY

WHEREAS, on February 3, 1993, this Court entered a Final Judgment of Dismissal approving the terms of the Stipulation of Settlement of the Class and Derivative Actions dated November 16, 1992 in the above-referenced class action; and

WHEREAS, on June 18, 1994, this Court entered an Order approving the administrative determinations of the Claims Administrator, Gilardi & Co., accepting and rejecting the claims and ordering that the balance of the Net Settlement Fund be distributed to accepted claimants;

WHEREAS, after distribution of the Net Settlement Fund from the Action to Class

Members who filed acceptable claims, there is a balance of approximately $151,593 remaining in

the class settlement fund which is unclaimed;

WHEREAS, this Court has retained jurisdiction of this Action for the purpose of

considering any further application or matter which may arise in connection with the

administration and execution of the Settlement and the distribution of the Net Settlement Fund to

the accepted claimants.

NOW, THEREFORE, upon Plaintiffs' motion, the affidavits of D. Lee Janvrin of

Gilardi & Co. LLC, the Claims Administrator, and of George A. Bauer III of Milberg Weiss

Bershad Hynes & Lerach LLP, one of Plaintiffs' Lead Counsel, in support of motion to authorize

re-distribution of the unclaimed balance of a class action settlement fund and the subsequent

donation of the remaining balance, if any, to charity, it is hereby

ORDERED, that Gilardi & Co. LLC be paid the sum of $4,500 from the settlement fund

for its fees and in reimbursement of its expenses incurred and to be incurred in connection with

the administration and re-distribution of the balance of the settlement fund; and it is further

ORDERED, that the balance of the Settlement Fund after deducting the payments

previously allowed and set forth herein (the "Net Unclaimed Settlement Fund") shall be

distributed *pro-rata* to eligible claimants who have cashed their previous checks, provided that

they would receive at least $25.00 on such re-distribution based on their Recognized Losses,

after payment of any unpaid costs or fees incurred in administering the Net Unclaimed

Settlement Fund for such re-distribution; and it is further

- 2 -

ORDERED, that the checks for re-distribution shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO CHARITABLE DISPOSITION 180 DAYS AFTER ISSUE DATE." Plaintiffs' Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and or contact any such eligible claimant who has not cashed his, her or its check within said time; and it is further

ORDERED, that the costs of such services to locate and reissue checks to such claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Unclaimed Settlement Fund; and it is further

ORDERED, that, after six months after such re-distribution of the Net Unclaimed Settlement Fund to eligible claimants and after appropriate efforts have been made to have the eligible claimants cash their checks, Plaintiffs' Lead Counsel are authorized, after payment of any unpaid costs or fees incurred in administering the Net Unclaimed Settlement Fund, to distribute any funds remaining in the Net Unclaimed Settlement Fund equally among the Institute for Law & Economic Policy and the Jewish Association for Services for the Aged; and it is further

- 3 -

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this action.

Dated:     Newark, New Jersey
           May 13          , 2002

                                        SO ORDERED.

                                        _____
                                        Dickinson R. Debevoise
                                        United States District Judge

                                        - 4 -

Exhibit

G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK



IN RE CONSOLIDATED DELIVERY &
LOGISTICS, INC. SECURITIES
LITIGATION

Civil Action No.: 97 CV 1939 (JES)

THIS DOCUMENT RELATES TO
ALL ACTION

## [PROPOSED] ORDER AUTHORIZING FINAL DISTRIBUTION
## OF RESIDUAL BALANCE SETTLEMENT FUND

WHEREAS, Class Counsel and the Claims Administrator's request for an Order,
(1) authorizing the final distribution of the residual balance of the Settlement Fund
identified in the Declaration of Shandarese Garr, Assistant Vice President, Operations
Garden City Group, LLC; and (2) permitting the Claims Administrator to dispose of all
claim forms submitted in connection with this litigation,

WHEREAS, the Court has determined that good cause exists to grant the request
in its entirety, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as
follows:

1.    The remaining balance of the Settlement Fund (plus accrued interest) shall
be distributed in equal amounts to (non-profit organization designated by the Court) and
New York Law School;

2.    The Claims Administrator may dispose of all claims forms submitted in

connection with the litigation.

Submitted by:

Arthur N. Abbey

ABBEY GARDY, LLP
212 East 39th Street
New York, New York 10016
(212) 889-3700

Counsel for Plaintiffs and the Class

Dated: _____, 2004

                              SO ORDERED:


                              _____
                              John E. Sprizzo
                              United States District Judge

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                      )   ss.:
COUNTY OF NEW YORK   )

I, Carolyn Davila, being duly sworn, deposes and says:

1.    I am not a party to the action, over the age of 18 years, and am a legal secretary with the firm of Abbey Gardy, LLP, 212 East 39th Street, New York, New York 10016, attorneys for plaintiffs.

2.    On March 2, 2005, I caused a copy of the accompanying:

Memorandum Of Law In Support Of Plaintiff's Motion
To Donate Residual Balance Of The
Settlement Fund To Charity

Affidavit Of Service

to be served upon the following persons/entities by U.S. mail.:

Blau, Kramer, Wactlar & Lieberman, P.C.
Lonnie Coleman, Esq.
100 Jericho Quadrangle
Jericho, New York 11753
(516) 822-4820

_____
Carolyn Davila

Sworn to before me this
2nd day of March, 2005

_____
Notary Public

NANCY KABOOLIAN
Notary Public, State Of New York
No. 01KA4742784
Qualified In New York County
Commission Expires March 30, 200__